Celia SANTIAGO, et al., Plaintiffs,
Appellants,

v.

CANON U.S.A., INC., Defendant,
Appellee.

No. 97–1660.

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1997.

Decided Feb. 20, 1998.

**2**

Alice Net Carlo, San Juan, PR, for appellants.

Richard H. Silberberg, with whom Robert G. Manson, Dorsey & Whitney LLP, New York City, Jaime E. Toro–Monserrate and McConnell Valdes, Hato Rey, PR, were on brief, for appellee.

Before CYR, Senior Circuit Judge, PIERAS *, Senior District Judge, and DiCLERICO **, District Judge.

---

* Of the District of Puerto Rico, sitting by designation.

** Of the District of New Hampshire, sitting by designation.

1. The complaint also alleges that Canon (1) "interfered" with Professional's "principal retail client" in order to "discredit" Professional; (2) through its "representatives," used unidentified "derogatory epithets" against Santiago, "denigrating her dignity as a woman"; (3) deliberately delayed its delivery of the Canofile 250 to Profes-

CYR, Senior Circuit Judge.

Professional Microfilm, Inc. ("Professional") and Celia Santiago, its president, appeal from a district court judgment dismissing their complaint alleging that Canon U.S.A., Inc. ("Canon") (i) violated the Puerto Rico Dealer Act, P.R. Laws Ann. tit. 10, § 278 *et seq.*, by terminating its dealership agreement with Professional, (ii) contravened Santiago's rights under P.R. Constitution art. II, § 1, by discriminating against Professional on account of Santiago's gender and, (iii) inflicted mental anguish on Santiago and her husband, *see* P.R. Civil Code Article 1802. We affirm the district court judgment.

**I**

**BACKGROUND**

Santiago is the president of Professional Microfilm, Inc., a San Juan company which has retailed micrographic products for over 25 years. She and her husband are its sole shareholders. Since 1984, Professional has contracted with Canon as a nonexclusive distributor of micrographic products in Puerto Rico. Santiago took over its management and operation from her father in 1989. The following year, Professional entered into a nonexclusive distributorship agreement with Canon relating to the Canofile 250, an innovative optical disk filing product. Over the next three years Canon initiated various adverse actions against Professional and Santiago, culminating in 1993 with its designation of Systronics, Inc. as its second nonexclusive Canofile 250 distributor.[1]

Professional, Santiago, and her husband filed their federal complaint against Canon in August 1993. Count 1 alleged that Canon conducted a "pattern of intentional and discriminatory conduct impairing the [Canofile

sional until November 1991, thereby preventing Professional from an earlier entry into the retail market; (4) provided Professional with incomplete technical information and product enhancements in connection with the Canofile 250, thereby "adversely affect[ing] plaintiff's (sic) sales efforts"; (5) withheld purchase orders placed by Professional, and falsely alleged that Professional had serious credit problems; and (6) refused, in March 1993, to provide Professional with 24 Canofile 250s previously ordered.

250] dealership" contrary to P.R. Constitution art. II, § 1, which broadly prohibits gender-based discrimination. Count 2 charged that the Systronics designation constituted an unjustified "impairment" of Professional's nonexclusive Canon distributorship, contrary to the Puerto Rico Dealer Act. Count 3 asserted that "abusive conduct and acts of harassment" by Canon caused Santiago "mental suffering, anxiety, anguish, and humiliation," contrary to P.R. Civil Code Article 1802.

After Canon moved to dismiss the complaint, *see* Fed.R.Civ.P. 12(b)(6),[2] and the parties submitted documents beyond the pleadings, the motion was converted to one for summary judgment. *See* Fed.R.Civ.P. 12(b), (c). A magistrate judge recommended that summary judgment be entered for Canon on all claims, since the Canofile 250 contract expressly stated that the Professional dealership was to be "nonexclusive;" the parol evidence rule barred extrinsic evidence to the contrary; and, therefore, the designation of Systronics as a second Canofile 250 distributor could have effected no wrongful "impairment" under the Dealer Act.

Plaintiffs objected to the report and recommendation, *see* P.R. Local R. 510.2, on the ground that the parol evidence rule does not apply to alleged Dealer Act violations and that Canon made oral assurances that its Canofile 250 dealership agreement with Professional would remain exclusive. Plaintiffs further complained that the magistrate judge failed to consider their gender-discrimination and mental-anguish claims.

The district court endorsed the report and recommendation relating to the Dealer Act claim, citing our intervening decision in *Borschow Hosp. & Med. Supplies, Inc. v. Cesar Castillo, Inc.*, 96 F.3d 10, 16 (1st Cir.1996) (holding nonexclusivity provision in dealership agreement dispositive of Dealer Act claim), and dismissed the gender-discrimination and mental-anguish claims on three grounds. First, since Canon had not "impaired" its dealership relationship with Professional, its designation of Systronics could

not have been an adverse or discriminatory act. Second, the Puerto Rico Supreme Court has yet to recognize a private cause of action for gender discrimination under P.R. Constitution art. II, § 1. Finally, the "broad assertions" that Canon engaged in a "pattern" of discriminatory conduct, *see supra* note 1, were not causally linked to its decision to designate Systronics as a second Canofile 250 distributor in Puerto Rico.

In their motion for reconsideration, *see* Fed.R.Civ.P. 59(e), plaintiffs contended, *inter alia,* that even if our *Borschow* decision did foreclose a Dealer Act claim, the "pattern" of discriminatory actions engaged in by Canon before and after its designation of Systronics as a second distributor (*e.g.,* use of derogatory sexual epithets) constituted discrete "impairments" sufficient to serve as independent bases for their Dealer Act claim. The district court denied the motion for reconsideration on the ground that the issue had not been preserved either in plaintiffs' opposition to the dispositive motions filed by Canon or in their objections to the report and recommendation submitted by the magistrate judge. Plaintiffs now appeal from the district court order dismissing their complaint and from its denial of their motion for reconsideration.

## II

### *DISCUSSION*

#### A. *The Dealer Act Claim*

Although plaintiffs acknowledge their failure to raise in timely fashion—as an independent basis for their Dealer Act claim—the contention that Canon engaged in a pattern of discriminatory conduct both before and after the Systronics designation, they argue that their waiver should be excused because the magistrate judge expressly recognized such a pattern of conduct in the report and recommendation, and the district court therefore had an independent duty to scrutinize the record *de novo* before adopting the report and recommendation, even absent

---

2. Alternatively, Canon unsuccessfully sought to transfer the case to the United States District Court for the Eastern District of New York pursuant to the forum-selection clause in its dealership agreements. *See* 28 U.S.C. § 1404(a).

specific objection under Local Rule 510.2. We disagree.

The district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge.[3] *Borden v. Secretary of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987) ("Appellant was entitled to a *de novo* review by the district court of the [magistrate's] recommendations to which he objected, however he was not entitled to a *de novo* review of an argument never raised.") (citation omitted). Given proper notice, *see* Magistrate's Report, at 10 ("Failure to comply with [P.R. Local R. 510.2] precludes further appellate review."), a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals. *See Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); 28 U.S.C. § 636(b)(1). Finally, a Rule 59(e) motion is "'aimed at reconsideration, not initial consideration,'" and "may not be used to argue a new legal theory." *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992) (citation omitted).[4] Accordingly, we affirm the summary judgment ruling dismissing the Dealer Act claim.

### B. *The Gender–Discrimination and Mental–Anguish Claims*

Plaintiffs challenge the summary judgment ruling which dismissed their gender-discrimination and mental-anguish claims as merely "incidental" to their Dealer Act claim. Plaintiffs insist that they consistently maintained throughout the proceedings below that all of Canon's adverse actions—not merely its Systronics designation—evidenced gender discrimination and contributed to their mental anguish. *See supra* note 1. As plaintiffs view it, even though Canon retained the contractual right to designate Systronics as a second distributor, it could not exercise that or any other right purely for gender-based reasons without violating P.R. Constitution art. II, § 1, and tortiously inflicting mental anguish upon plaintiffs.

The magistrate judge and the district judge converted the Rule 12(b)(6) motion to a motion for summary judgment without objection by plaintiffs. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir.1991) (conversion challenges waivable); *Jones v. Automobile Ins. Co. Of Hartford*, 917 F.2d 1528, 1533 n. 4 (11th Cir.1990) (same); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 390 n. 9 (5th Cir.1985) (same).[5] Nor do plaintiffs chal-

---

3. There is no record indication that the magistrate judge was ever alerted to the legal theory belatedly asserted by plaintiffs in their motion for reconsideration before the district court. Instead, the magistrate judge mentioned a pattern of conduct by Canon merely as background in describing plaintiffs' constitutional and mental-anguish claims. In the ensuing legal analysis, however, the magistrate judge neither stated nor implied an awareness that plaintiffs were claiming that such conduct had any bearing on their Dealer Act claim.

4. We note, as well, no plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1423–24 (5th Cir.1996) (en banc).

5. The original Canon motion sought to dismiss the complaint only for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). Canon attached pertinent dealership agreements, *see Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1219–20 (1st Cir. 1996) (noting that written documents integral to complaint—like contracts—are not considered "matters outside the pleadings" requiring Rule 12(b) conversion), and an affidavit relating exclu-

sively to its alternative motion for change of venue. Although the parties are entitled to reasonable notice of an impending conversion, as well as an opportunity to "present all material made pertinent to that motion by Rule 56," Fed. R.Civ.P. 12(b); *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29–30 (1st Cir.1996), the record clearly discloses that these plaintiffs *invited* the conversion. *See Chaparro–Febus v. International Longshoremen Ass'n*, 983 F.2d 325, 332 (1st Cir. 1992) (notice of impending conversion need not be express). In their two succeeding opposition motions, for example, plaintiffs attached Santiago's *sworn statement*, which reiterated their assertions that Canon had engaged in a pattern of discriminatory conduct violative of P.R. Constitution art. II, § 1 and P.R. Civil Code Article 1802. *See* Fed.R.Civ.P. 56(e); *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996) (nonmovants' submission of materials outside the pleadings waives their objection to conversion), *cert. denied*, —— U.S. ——, 118 S.Ct. 157, 139 L.Ed.2d 102 (1997); *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.1985) (same). Counting their surreply, plaintiffs had more than two months to assemble their Rule 56

lenge the conversion on appeal, *see* Brief for Appellants at 25, 30 (referring to "summary judgment"); *Nieves v. University of P.R.*, 7 F.3d 270, 279 (1st Cir.1993) (conversion waivable on appeal); *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir.1986) (same).

The summary judgment rulings on the gender-discrimination and mental-anguish claims are therefore reviewed *de novo*, with all reasonable inferences to be drawn favorably to plaintiffs, the nonmoving parties. *EEOC v. Green*, 76 F.3d 19, 23 (1st Cir.1996). Summary judgment was in order unless plaintiffs adduced evidence sufficient to establish each element essential to their claim as to which they would have borne the burden at trial. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Nieves*, 7 F.3d at 279.

██ Although Canon acknowledges that the district court relied in error upon an inadequate ground in dismissing the constitutional claim, *see supra* Section I, we may affirm on any ground supported by the record, *Levy v. FDIC*, 7 F.3d 1054, 1056 (1st Cir.1993). Even assuming their constitutional claim for gender discrimination were cognizable under Puerto Rico law,[6] plaintiffs' Rule 56 proffer generated no trialworthy issue as to whether a gender-based animus motivated Canon's so-called "pattern" of conduct.

Summary judgment may be warranted even as to such elusive elements as a defendant's motive or intent where " 'the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.' " *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997) (citations omitted); *see Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 870–71 (1st Cir. 1997); *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 13 (1st Cir.1994); *Velazquez v. Chardon*, 736 F.2d 831, 833–34 (1st Cir.1984). "A plaintiff [claiming discrimination] 'may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus.' " *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir.1992) (quoting *Correa–Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 53 (1st Cir.1990)).

The only "smoking gun" allegation in the complaint is that unidentified Canon "representatives" uttered unspecified "derogatory epithets denigrating [Santiago's] dignity as a woman and as a human being." That bare allegation, parroted without elaboration in a Rule 56 proffer, *see supra* note 5, disclosed neither the substance and context of the epithets,[7] nor the identity and capacity of the person(s) employing them.[8] *See Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 42 F.3d 1054, 1059 (7th Cir.1994)

proffer. *See Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir.1997) (finding two months adequate to prepare materials in anticipation of possible conversion, or move for Rule 56(f) extension). *See infra* note 10.

**6.** *Cf., e.g., Arroyo v. Rattan Specialties, Inc.*, 117 P.R. Dec. 35, 64–65 (1986) (noting that enunciated constitutional rights operate *ex proprio vigore*, permitting individuals to sue for violations). *But see Carlton v. Worcester Ins. Co.*, 923 F.2d 1, 3 (1st Cir.1991) (party who invokes federal diversity jurisdiction cannot expect federal court to blaze new trails in state law).

**7.** *See Speen v. Crown Clothing Corp.*, 102 F.3d 625, 636 (1st Cir.1996) (" '[I]solated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent.' ") (citation omitted), *cert. denied*, —— U.S. ——, 117 S.Ct. 2457, 138 L.Ed.2d 214 (1997); *Lehman v. Prudential Ins. Co. of Am.*, 74 F.3d 323, 329 (1st Cir.1996) (same); *Alexis v. McDonald's Restau-*

rants *of Mass., Inc.*, 67 F.3d 341, 348 (1st Cir. 1995) (suggesting that remarks should be "[v]iewed in context" to determine if animated by discriminatory intent); *see also Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1094 (1st Cir. 1995) (noting that proponent must show that hearsay statements "concern matters within the scope of [declarant's] agency or employment") (citing Fed.R.Evid. 801(d)(2)(D)).

**8.** The identity of the speaker often is crucial to ascertaining not only intent but any causal connection between the remark and the alleged adverse action directed against the plaintiff. *See, e.g., Diaz–Gandia v. Dapena–Thompson*, 90 F.3d 609, 616 (1st Cir.1996) (noting that it is appropriate to discount "stray remarks in the workplace ..., statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself") (citation omitted); *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir.1996) ("[T]he lower court properly discounted the discriminatory remarks ... by nondecisionmakers.").

**6**

("'The object of [Fed.R.Civ.P. 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.'") (citation omitted).

At summary judgment, the district court cannot accept on faith conclusory assessments by claimants that unspecified and unattributed epithets were "derogatory" and "denigrating," let alone demonstrated discriminatory intent. *See Pilgrim*, 118 F.3d at 871 (noting that plaintiff's "[subjective] perception is not evidence" of discriminatory intent, hence "not enough to withstand summary judgment"); *Correa–Martinez*, 903 F.2d at 53 (noting that, even at the Rule 12(b)(6) stage, plaintiff may not "rest on 'subjective characterizations'") (citation omitted); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc) ("It is ... well settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason.").[9]

■ The counterproffer from Canon makes the uncontroverted representation that Professional *remains its sole authorized* micrographic products distributor in Puerto Rico. Thus, before the alleged pattern of conduct by Canon could be attributed to gender discrimination, one rationally would need to question not only why Canon retained Professional as its sole Puerto Rico dealer in micrographic products, and one of two Puerto Rico dealers in Canon optical disk filing products, but also why it entered into the October 1990 Canofile 250 dealership agreement with Santiago *in the first place*. In our judgment, based on these conflicting proffers the trier of fact could not find that the *facially nondiscriminatory* conduct engaged in by Canon actually was motivated by gender discrimination *except by resorting to rank speculation*.[10]

■ Finally, the Rule 56 proffer on the mental-anguish tort claim under P.R. Civil Code Article 1802 fares no better. Plaintiffs were required to establish that in "'some appreciable measure the[ir] health, welfare and happiness ... were really affected,'" *Ruiz–Rodriguez v. Colberg–Comas*, 882 F.2d 15, 17 (1st Cir.1989) (quoting *Moa v. Commonwealth*, 100 P.R.R. 572, 585–86 (1972)), and they experienced "'deep moral suffering and anguish, and [not merely] a passing affliction,'" *de Jesus v. Eastern Air Lines, Inc.*, 708 F.Supp. 470, 472 (D.P.R.1989) (citing *Hernandez v. Fournier*, 80 D.P.R. 94, 104 (1957)). These showings turn "upon an evaluation of: (1) the severity of the pain suffered; (2) its duration; and (3) its mental consequences." *Lopez Nieves v. Marrero Vergel*, 939 F.Supp. 124, 126 (D.P.R.1996).[11]

Plaintiffs offered only their conclusory assertion that Santiago and her husband "have been exposed to mental suffering, anxiety, anguish and humiliation," with no independent corroboration, *cf. Cruz v. Molina*, 788 F.Supp. 122, 129 (D.P.R.1992) (court sitting as trier of fact rejected plaintiff's uncorroborated testimony of mental anguish, where

---

9. Nor did the plaintiffs proffer competent Rule 56 evidence supporting their allegation, based on *information and belief*, that Santiago was the only woman heading a Canon dealership in the United States.

10. Plaintiffs further contend that the district court erred in denying them an opportunity to undertake discovery before granting summary judgment. We review only for manifest abuse of discretion. *See Mills v. State of Maine*, 118 F.3d 37, 50 (1st Cir.1997). We find none. First, plaintiffs neither filed the motion for continuance nor the supporting affidavit required under Rule 56(f). *See Springfield Terminal Ry. Co. v. Canadian Pac. Ltd.*, 133 F.3d 103, 109 (1st Cir.1997) ("Rule 56(f) of the Federal Rules of Civil Procedure specifically calls upon a litigant who feels prejudiced by too precipitate a demand for summary judgment to file a timely affidavit with the court asserting the need for further discovery. As we have held, failure to resort to such first aid will ordinarily bar belated aid."). Second, notwithstanding plaintiffs' plain waiver, the crucial deficiencies in their Rule 56 proffer simply are not attributable to a need for further discovery, especially since plaintiffs presumably knew which Canon representatives uttered sex-based epithets, as well as their substance and context.

11. Since plaintiffs cited no cases defining the mental-anguish standard, and filed no reply brief challenging Canon's citation to these district court decisions, we simply assume, without deciding, that the cited decisions describe the applicable commonwealth standard.

he was not a physician, nor had he consulted a physician); *supra* note 11. Moreover, since any emotional injury to plaintiffs presumably resulted primarily from the alleged use of sex-based epithets by Canon "representatives," and plaintiffs offered no competent evidence as to the substance of the epithets, a rational factfinder would have no evidentiary basis for determining whether the alleged remarks were likely to have caused Santiago or her husband the type of "deep moral suffering and anguish" required under Article 1802. *See DeNovellis*, 124 F.3d at 306 (nonmovant cannot "'rest[ ] merely upon conclusory allegations, improbable inferences, and unsupported speculation.'") (citation omitted).

***Affirmed.***