**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-2520

UNITED STATES OF AMERICA,

Appellee,

v.

RAMÓN E. RAMOS-ACEVEDO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

---

Before

Torruella, Lipez, and Howard,
Circuit Judges.

---

Charles F. Wilson, with whom Nevins & Nevins LLP was on brief,for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, was on brief, for appellee.

---

January 18, 2006

---

**Per Curiam**.  Roman Ramos-Acevedo was found by customs inspectors to be carrying over a kilogram of heroin after disembarking a cruise ship in San Juan, Puerto Rico.  He pleaded guilty to possessing with intent to distribute and importing the heroin, see 21 U.S.C. §§ 841(a) & 952(a), but reserved the right to appeal both the denial of a suppression motion filed prior to the plea and his sentence.

We start with the denial of the suppression motion.  The heroin was discovered after a series of events Ramos challenged both below and in his appellate brief as constituting a non-routine border search unsupported by reasonable suspicion.  See United States v. Montoya De Hernandez, 473 U.S. 531, 538-41 (1985) (routine border searches may be conducted as a matter of course, but non-routine searches must be supported by reasonable suspicion of criminal activity).  At oral argument, however, Ramos correctly conceded that the only incident in this series which was even arguably non-routine was a custom inspector's act of reaching into Ramos's front pocket a short time before the discovery of the heroin – an act which, Ramos says, led him to admit his crimes.  But the problem with this argument is that the magistrate judge who conducted the hearing on the suppression motion found that the customs agent did not reach into Ramos's pocket, and Ramos did not object to this finding in challenging the magistrate judge's report and recommendation.  Ramos thus "irretrievably waive[d] any right

-2-

to review [of this finding] by the district court and the court of appeals." Santiago v. Cannon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). And nothing in the record leads us to believe that the circumstances call for intervention under Fed. R. Crim. P. 52(b) (describing power of appellate courts to notice plain errors).

Ramos's challenge to his sentence also fails. Ramos contends that he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005), but he received the statutory minimum sentence and thus could not possibly fare better if we were to remand. See United States v. Bermudez, 407 F.3d 536, 545 (1st Cir. 2005); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

**Affirmed**.