STATE OF WEST VIRGINIA

Justin Scott Peck,
Defendant Below, Petitioner

FILED
May 26, 2020
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  No. 19-0165 (Monongalia County 17-C-413)

Gregory Scolapio,
Plaintiff Below, Respondent

## MEMORANDUM DECISION

Petitioner Justin Scott Peck, by counsel Gregory H. Schillace, appeals the September 11, 2018, order of the Circuit Court of Monongalia County[1] that denied his motion to alter or amend the circuit court's prior order granting Respondent Gregory Scolapio's motion for judgment on the pleadings. Respondent, by counsel Samuel H. Harrold, III, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 28, 2016, respondent filed a complaint alleging claims of tortious interference with employment, defamation of character, and civil conspiracy relating to the termination of his employment[2] as a law enforcement officer with the Harrison County Sheriff's Department.[3] In addition to petitioner, the defendants included the Harrison County Commission, which was substituted for the Harrison County Sheriff's Department by agreed order entered on October 19, 2017; Albert Marano, individually, and in his capacity as Sheriff of Harrison County;

---

[1] This case was originally commenced in the Circuit Court of Harrison County. By agreed order entered on October 23, 2017, venue was transferred to the Circuit Court of Monongalia County.

[2] Respondent's co-plaintiff was a former co-worker who was demoted. He is not a party to this appeal.

[3] Respondent filed an amended complaint on December 20, 2016, which appears to have amended respondent's prayer for relief.

Jeff McAtee, individually, and in his capacity as Chief Deputy Sheriff of Harrison County; Steve Johnson, individually, and in his capacity as Chief Deputy of Harrison County; Joseph Carbacio, individually, and in his capacity as Administrative Assistant to the Sheriff of Harrison County; Pat McCarty, individually, and in his capacity as Deputy Sheriff of Harrison County; and John Does, individually.

The complaint alleged that petitioner knowingly made false allegations against respondent to the West Virginia State Police, which allegations were orchestrated by Defendants Marano, Johnson and McCarty (the "county defendants"), in order to subject respondent to a lengthy criminal investigation and potential prosecution, which would have caused respondent to suffer severe emotional distress and other injuries. According to the complaint, petitioner conspired with the county defendants to defame respondent and intentionally and tortiously interfered with respondent's employment relationship with the Harrison County Sheriff's Department by unlawfully attempting to obtain a false conviction against him. The complaint further alleged that the county defendants falsely accused respondent and his co-plaintiff of cowardice in the line of duty as law enforcement officers in order to damage them both personally and professionally.[4]

At issue in this appeal is petitioner's counterclaim against respondent. In his counterclaim, petitioner alleged that, in January of 2012, while he was incarcerated at the Huttonsville Correctional Center, in Huttonsville, West Virginia, his mother passed away; that petitioner subsequently executed a limited durable power of attorney appointing respondent as administrator of his mother's estate, authorizing respondent to act in petitioner's stead and on his behalf to handle all business and legal transactions with regard to the administration of the estate and petitioner's interests as the sole beneficiary of that estate; that respondent, in his role as administrator of petitioner's mother's estate, filed and resolved a medical malpractice lawsuit in connection with her death; and that respondent was instrumental in establishing a special needs trust for the benefit of petitioner, which consisted of the net settlement proceeds of the medical malpractice lawsuit.

Petitioner's counterclaim against respondent alleged that respondent, in his capacity as a deputy sheriff, breached his fiduciary duty to petitioner, abused his position, and converted money owned by petitioner, all in connection with respondent's role as the administrator of petitioner's mother's estate, petitioner's attorney-in-fact, and adviser to the special needs trust. Specifically, petitioner alleged that respondent wrote two checks payable to respondent from petitioner's bank account (for $19,322 and $33,000, respectively) on or about January 9, 2013, and forced petitioner to sign them. Petitioner also alleged that respondent wrongfully demanded payments from the

---

[4] Respondent's defamation and conspiracy claims against petitioner and the county defendants went to trial (while the employment action was stayed) and, following the presentation of respondent's case-in-chief, the circuit court granted judgment as a matter of law in favor of petitioner and the county defendants on the ground that respondent's claims were time barred. That ruling is currently the subject of a separate appeal filed by respondent in *Scolapio v. Harrison County Commission, et al.*, Case No. 19-0543.

special needs trust[5] and that respondent failed to account for the sale of personal and real property while serving as the administrator of petitioner's mother's estate.

On March 21, 2017, respondent filed a "Motion for Summary [sic] Judgment on the Pleadings," pursuant to West Virginia Rule of Civil Procedure 12(c), on the ground that petitioner failed to bring his claims within the applicable period of limitations – i.e., two years. On April 24, 2017, petitioner filed a response to respondent's motion, as well as a motion to strike respondent's pleading because it was "procedurally improper" due to respondent's failure to file an answer to petitioner's counterclaim as required by Rule 12(a)(2). Petitioner also moved for entry of default judgment. Respondent filed a reply.

A hearing on respondent's motion was conducted on August 11, 2017. By order entered on July 11, 2018, the circuit court determined that the claims alleged by petitioner in his counterclaim occurred in 2012 and 2013; that claims for conversion and breach of fiduciary duty are governed by the two-year limitations period set forth in West Virginia Code § 55-2-12,[6] *see Dunn v. Rockwell*, 225 W. Va. 43, 62, 689 S.E.2d 255, 274 (1995); and that petitioner failed to prosecute his counterclaim against respondent within that time.[7] The circuit court granted respondent's motion for judgment on the pleadings and dismissed petitioner's counterclaim.

Petitioner thereafter filed a motion to alter or amend the circuit court's order pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, which was denied by order entered on September 11, 2018. This appeal followed.

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard

---

[5] The special needs trust was created by order entered on January 7, 2013, in the Circuit Court of Harrison County. Upon petitioner's motion, the trust was terminated by order entered on December 10, 2014.

[6] West Virginia Code § 55-2-12 provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

[7] The parties agree that, because petitioner filed his counterclaim in response to respondent's complaint, the running of the statute of limitations was tolled, pursuant to West Virginia Code § 55-2-21(a). Thus, petitioner's counterclaim was considered to be filed on November 28, 2016, the date respondent's complaint was filed.

that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). The underlying judgment upon which petitioner's motion is based and from which his appeal is filed is an order granting respondent's motion for judgment on the pleadings, which is reviewed de novo. *See Copley v. Mingo Cty. Bd. of Educ.*, 195 W. Va. 480, 466 S.E.2d 139 (1995).

We first address petitioner's argument that respondent's motion for judgment on the pleadings should not have been granted because it was procedurally improper. He contends that respondent failed to file an answer to his counterclaim, as required by Rule 12(a)(2), which should have resulted in an entry of judgment by default, pursuant to Rule 55;[8] that respondent's motion was not authorized by the Rules of Civil Procedure and, as such, should have been stricken under Rule 12(f); and that, in fact, the circuit court considered respondent's motion as one for summary judgment, which should not have been granted because formal discovery had not been completed.

Rule 12(a)(2) requires that a "plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer . . . ." Respondent acknowledges that he did not file a reply to petitioner's counterclaim but, instead, filed a "motion for summary judgment on the pleadings," a pleading that is not provided for under the rules. Rule 12(f) provides that a court "*may* order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." *Id.*, in part (emphasis added). We observe that "'the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making . . . procedural rulings. . . .' *Reynolds v. City Hosp., Inc.,* 207 W. Va. 101, 108-9, 529 S.E.2d 341, 348-9 (2000)." *Wells v. Key Commc'ns, L.L.C.*, 226 W. Va. 547, 551, 703 S.E.2d 518, 522 (2010). Here, the circuit court, in its discretion, restyled respondent's motion as one for judgment on the pleadings under Rule 12(c). "'Under the abuse of discretion standard, we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances.' *Graham v. Wallace,* 214 W.Va. 178, 182, 588 S.E.2d 167, 171 (2003) (*quoting Hensley v. W. Va. Dept. of Health and Human Res.,* 203 W.Va. 456, 461, 508 S.E.2d 616, 621 (1998))." *Wells*, 226 W. Va. at 551, 703 S.E.2d at 522.

A motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves. In this respect it is essentially a delayed motion to dismiss. The West Virginia Rules of Civil Procedure approach the motion essentially as a motion to dismiss for failure to state a claim in that the motion will not be granted except when it is apparent that the deficiency could not be cured by an amendment.

*Copley*, 195 W. Va. at 482, 466 S.E.2d at 141, syl. pt. 2. Further,

---

[8] West Virginia Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

4

> [a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense.

*Id.* at 482, 466 S.E.2d at 141, syl. pt. 3.

In this case, the circuit court did not abuse its discretion in considering respondent's motion as a motion for judgment on the pleadings. Importantly, the court considered all of petitioner's allegations as set forth in his counterclaim to be true, including that, on January 9, 2013, respondent wrote checks from petitioner's account and "forced" petitioner to sign them; that respondent demanded payments from the special needs trust for which he was a trust advisor; and that respondent failed to account for certain property while acting as the administrator of petitioner's mother's estate. In considering these and all of the allegations of the counterclaim to be true, the circuit court also determined that the actions occurred in 2012 or 2013, which was more than two years before respondent's complaint was filed against petitioner on November 28, 2016. Petitioner fails to argue that respondent's reply to the counterclaim would have made any difference in the court's ruling or that petitioner was otherwise prejudiced by respondent's failure to reply. Thus, if it was error for the circuit court to consider respondent's motion for judgment on the pleadings, such error was harmless.

Petitioner argues further that, in fact, the circuit court considered respondent's motion as a motion for summary judgment and that it was improvident for the court to consider such a motion prior to the completion of discovery. We find this argument to be without merit.

First, as we have already established, the circuit court restyled respondent's "Motion for Summary Judgment on the Pleadings" as a motion for judgment on the pleadings under Rule 12(c), and not a motion for summary judgment under Rule 56. Furthermore, this Court has determined that, under Rule 12, a circuit court

> may consider, in addition to the pleadings, documents annexed to it, and other materials fairly incorporated within it. This sometimes includes documents referred to in the complaint but not annexed to it. . . . *The complaint is deemed to include . . . any statements or documents incorporated in it by reference.* Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.

*Forshey v. Jackson*, 222 W. Va. 743, 747-48, 671 S.E.2d 748, 752-53 (2008). Under such circumstances, the motion will not be converted to one for summary judgment under Rule 56.

In this case, although petitioner fails to reference any of the documents reviewed by the circuit court in its consideration of respondent's motion, it is clear that the court considered documents that were specifically or implicitly referenced in petitioner's counterclaim. In so doing, the court did not improperly convert respondent's motion into a motion for summary judgment.

Therefore, petitioner's argument that the circuit court improvidently granted respondent's motion is without merit.

In his next assignment of error, petitioner argues that the circuit court erred in failing to conclude that the limitations period with respect to all of petitioner's claims against respondent was tolled due to petitioner's mental impairment, as established by the January 7, 2013, order approving the special needs trust. According to petitioner, the creation of a special needs trust is only permissible when it is established for the benefit of one who is "mentally incapacitated" under law. Petitioner also argues that the limitations period was tolled "on or before November 10, 2012[,] as [petitioner] was incarcerated."

A review of the record reveals that, in response to respondent's motion for judgment on the pleadings, petitioner failed to argue that the statute of limitations was tolled based upon either his purported mental impairment or incarceration. Rather, petitioner raised these arguments for the first time in his Rule 59(e) motion to alter or amend the circuit court's order. Thus, these arguments were untimely raised.

> A Rule 59(e) motion may be used to correct manifest errors of law or fact, or to present newly discovered evidence. *See In re Transtexas Gas Corp.,* 303 F.3d 571 (5th Cir.2002). A motion under Rule 59(e) is not appropriate for presenting new legal arguments, factual contentions, or claims that could have previously been argued. *See Freeman v. Busch,* 349 F.3d 582 (8th Cir.2003) ("Arguments and evidence which could, and should, have been raised at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion."); *Holland v. Big River Minerals Corp.,* 181 F.3d 597, 605–606 (4th Cir.1999) (issue presented for first time in Rule 59(e) motion is not timely raised); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) (Rule 59(e) motion cannot raise arguments that were not raised prior to judgment); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 3–4 (1st Cir.1998) (new legal theory as to liability may not be raised in motion for reconsideration); *Stone v. Wall,* 135 F.3d 1438, 1441–1442 (11th Cir.1998) (argument that law of other jurisdiction should have applied could not be raised in Rule 59(e) motion); *Global Network Techs., Inc. v. Regional Airport Auth.,* 122 F.3d 661, 665–666 (8th Cir.1997) (evidence that could have been introduced prior to judgment may not be offered through Rule 59(e) motion).

*Mey v. Pep Boys-Manny, Moe & Jack*, 228 W. Va. 48, 56, 717 S.E.2d 235, 243 (2011). Thus, because petitioner could have raised his purported mental impairment and incarceration as grounds for the tolling of the applicable statute of limitations in earlier proceedings, we find that these arguments were untimely raised for the first time in his Rule 59(e) motion to alter or amend. As a result, we find that the circuit court did not err in denying petitioner's Rule 59(e) motion on these grounds.

Next, petitioner argues that "many" of his claims against respondent were based upon respondent's abuse of his fiduciary position and that these claims are "equitable in nature" such that the doctrine of laches, rather than a statute of limitations, applies. Without any further explanation or analysis, petitioner states simply that, "[p]ursuant to the doctrine of laches, delay in

and of itself does not act as a bar to equitable relief." Our cases have made clear that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord* W. Va. R. App. P. Rule 10(c)(7) & (f). Indeed, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.] Judges are not like pigs, hunting for truffles buried in briefs." *State, Dept. of Health v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). We have explained that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers,* 229 W. Va. 238, 728 S.E.2d 122 (2012) (internal quotations and citations omitted). Because petitioner has failed to adequately brief this assignment of error, and, therefore, to even minimally carry the burden of showing error in the judgment about which he now complains, we decline to address it.

In his next assignment of error, petitioner argues that his claims against respondent "include claims arising as a result and consequence of his service as administrator of the Estate of Robin Ann Peck," petitioner's mother, and, therefore, the ten-year statute of limitations set forth in West Virginia Code § 55-2-7 applies. West Virginia Code § 55-2-7 provides:

> The right of action upon the bond of an executor, administrator, guardian, curator or committee, or of a sheriff acting as such, shall be deemed to have first accrued as follows: Upon a bond of a guardian or curator of a ward, from the time of the ward's attaining the age of eighteen years, or from the termination of the guardian's or curator's office, whichever shall happen first; and upon the bond of any personal representative of a decedent or committee of an insane person, the right of action of a person obtaining execution against such representative or committee, or to whom payment or delivery of estate in the hands of such representative or committee shall be ordered by a court acting upon his account, shall be deemed to have first accrued from the return day of such execution, or from the time of the right to require payment or delivery upon such order, whichever shall happen first. And as to any suit against such fiduciary himself, or his representative, which could have been maintained if he had given no bond, there shall be no other limitation than would exist if the preceding section [§ 55-2-6] were not passed. Where any such fiduciary, or any other fiduciary, has settled an account under the provisions of article four [§§ 44-4-1 et seq.], chapter forty-four of this code, a suit to hold such fiduciary or his sureties liable for any balance stated in such account to be in his hands shall be brought within ten years after the account has been confirmed. The right to recover money paid under fraud or mistake shall be deemed to accrue, both at law and in equity, at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered.

7

We find no error. Petitioner's claims have failed to satisfy the plain and unambiguous requirements of West Virginia Code § 55-2-7 such that its ten-year statute of limitations would apply. "'A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly,* 135 W. Va. 877, 65 S.E.2d 488 (1951)." Syl. Pt. 6, *State ex rel. Biafore v. Tomblin*, 236 W. Va. 528, 782 S.E.2d 223 (2016). First, petitioner has failed to make a claim against any bond posted by respondent as the administrator of petitioner's mother's estate, as required by the statute. Rather, petitioner's counterclaim was made against respondent individually. Further, petitioner has failed to allege that respondent "has settled an account under the provisions of [West Virginia Code 44-4-1 et seq.]" and that he seeks "to hold [respondent] liable for any balance stated in such account to be in his hands[.]" W. Va. Code § 55-2-7, in relevant part. Importantly, petitioner makes no effort to address any aspect of the statute's clear and unambiguous language or to explain how it applies to his claims against respondent such that they were timely filed within the statutory period. We, therefore, conclude that petitioner has failed to show that the circuit court erred in its conclusion that the ten-year statute of limitations set forth in West Virginia Code § 55-2-7 does not apply. *See Myers,* 229 W. Va. at 241, 728 S.E.2d at 125.

In his next assignment of error, petitioner alleges that respondent's breach of his fiduciary duty to petitioner in his role as petitioner's attorney-in-fact and the administrator of petitioner's mother's estate "naturally conceal[ed]" itself, and that "[t]he statute of limitations . . . has been held to have been extended in such circumstances." Petitioner contends that, given the "confidence" petitioner placed in respondent and the parties' respective "position[s] in society"— petitioner as a "convicted felon" and respondent as "a sworn Deputy Sheriff"—petitioner was "actually deterred from sooner discovering or even suspecting any fraud on the part of" respondent.[9] We find no error.

Again, petitioner has failed to carry the burden of demonstrating the error about which he now complains. *See Myers,* 229 W. Va. at 241, 728 S.E.2d at 125. His position that respondent owed him a fiduciary duty and that his actions "naturally conceal[ed]" themselves such that the statute of limitations should be "extended" is not accompanied by any meaningful analysis of the facts or law (including when he proposes that the statute of limitations began to run). We, therefore, find no error.

In his final assignment of error, petitioner argues that he was entitled to the benefit of the discovery rule because, at trial, respondent attempted to "actively conceal" the nature of the money he took from petitioner. Petitioner contends that respondent presented conflicting testimony in this regard—that is, he claimed that petitioner gave him $33,000 as a gift while also claiming he was holding this money for petitioner's benefit. Petitioner argues simply that the discovery rule will operate "to determine when the statute of limitations began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a

---

[9] Petitioner's contention that he was deterred from discovering any fraud on the part of respondent is confusing in that petitioner's complaint does not allege that respondent committed fraud.

possible cause of action[.]" *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 256, syl. pt. 5, in part. We find no error.

Petitioner alleged in his counterclaim that respondent wrote two checks to himself as payee on petitioner's bank account on January 9, 2013, and then "forced" petitioner to sign them. Petitioner's argument on appeal that the discovery rule should apply to toll the statute of limitations given these allegations defies common sense. Indeed, petitioner utterly fails to explain how he did not know, or by the exercise of reasonable diligence should not have known, that he had claims for breach of fiduciary duty and conversion against respondent when respondent "forced" him to sign the checks in January of 2013. We, therefore, find no error in the circuit court's conclusion that the discovery rule does not apply.[10]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

---

[10] Petitioner also states, in passing, that (1) counsel for respondent acted as counsel for petitioner "at various times" and that "such representation has been held to extend a statute of limitations under the continuing representation doctrine[,]" and (2) the continuing tort doctrine should be applied to toll the statute of limitations in this case because petitioner alleged "continuing misconduct by [respondent], which resulted in damage to [petitioner]." Though petitioner generally cites, respectively, to *Dunn* and *Copier World Processing Supply, Inc. v. WesBanco Bank, Inc.*, 220 W. Va. 39, 640 S.E.2d 102 (2006), in support of these statements, he fails to otherwise discuss them or their applicability to the facts of this case. As we have previously cautioned, this Court liberally construes briefs in determining those issues that are presented for our review on appeal; however, issues that are mentioned only in passing and not adequately supported with pertinent authority will not be considered. *See LaRock,* 196 W.Va. at 302, 470 S.E.2d at 621. We, therefore, decline to address these issues in this appeal.