USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  No. 97-1660 CELIA SANTIAGO, ET AL., Plaintiffs, Appellants, v. CANON U.S.A., INC., Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________  ____________________ Before Cyr, Senior Circuit Judge, ____________________ Pieras*, Senior District Judge, _____________________ and DiClerico**, District Judge. ______________  ____________________ Alice Net Carlo for appellants. _______________ Richard H. Silberberg, with whom Robert G. Manson, Dorsey & _____________________ ________________ ________ Whitney LLP, Jaime E. Toro-Monserrate and McConnell Valdes were on ___________ ________________________ ________________ brief for appellee.  ____________________ February 20, 1998  ____________________  ____________________ *Of the District of Puerto Rico, sitting by designation. **Of the District of New Hampshire, sitting by designation. CYR, Senior Circuit Judge. Professional Microfilm, CYR, Senior Circuit Judge.  _____________________ Inc. ( Professional ) and Celia Santiago, its president, appeal from a district court judgment dismissing their complaint alleg- ing that Canon U.S.A., Inc. ( Canon ) (i) violated the Puerto Rico Dealer Act, P.R. Laws Ann. tit. 10, 278 et seq., by termi- __ ____ nating its dealership agreement with Professional, (ii) contra- vened Santiago's rights under P.R. Constitution art. II, 1, by discriminating against Professional on account of Santiago s gender and, (iii) inflicted mental anguish on Santiago and her husband, see P.R. Civil Code Article 1802. We affirm the dis- ___ trict court judgment. I I BACKGROUND BACKGROUND __________ Santiago is the president of Professional Microfilm, Inc., a San Juan company which has retailed micrographic products for over 25 years. She and her husband are its sole sharehold- ers. Since 1984, Professional has contracted with Canon as a nonexclusive distributor of micrographic products in Puerto Rico. Santiago took over its management and operation from her father in 1989. The following year, Professional entered into a nonex- clusive distributorship agreement with Canon relating to the Canofile 250, an innovative optical disk filing product. Over the next three years Canon initiated various adverse actions against Professional and Santiago, culminating in 1993 with its designation of Systronics, Inc. as its second nonexclusive 2 Canofile 250 distributor.1 Professional, Santiago, and her husband filed their federal complaint against Canon in August 1993. Count 1 alleged that Canon conducted a "pattern of intentional and discriminatory conduct impairing the [Canofile 250] dealership" contrary to P.R. Constitution art. II, 1, which broadly prohibits gender-based discrimination. Count 2 charged that the Systronics designation constituted an unjustified "impairment" of Professional s nonex- clusive Canon distributorship, contrary to the Puerto Rico Dealer Act. Count 3 asserted that abusive conduct and acts of harass- ment" by Canon caused Santiago "mental suffering, anxiety, an- guish, and humiliation," contrary to P.R. Civil Code Article 1802. After Canon moved to dismiss the complaint, see Fed. R. ___ Civ. P. 12(b)(6),2 and the parties submitted documents beyond the pleadings, the motion was converted to one for summary judgment.  ____________________ 1The complaint also alleges that Canon (1) "interfered" with Professional's "principal retail client" in order to "discredit" Professional; (2) through its representatives, used unidentified "derogatory epithets" against Santiago, "denigrating her dignity as a woman"; (3) deliberately delayed its delivery of the Canofile 250 to Professional until November 1991, thereby preventing Professional from an earlier entry into the retail market; (4) provided Professional with incomplete technical information and product enhancements in connection with the Canofile 250, thereby "adversely affect[ing] plaintiff's (sic) sales efforts"; (5) withheld purchase orders placed by Professional, and falsely alleged that Professional had serious credit problems; and (6) refused, in March 1993, to provide Professional with 24 Canofile 250s previously ordered. 2Alternatively, Canon unsuccessfully sought to transfer the case to the United States District Court for the Eastern District of New York pursuant to the forum-selection clause in its dealership agreements. See 28 U.S.C. 1404(a). ___ 3 See Fed. R. Civ. P. 12(b), (c). A magistrate judge recommended ___ that summary judgment be entered for Canon on all claims, since the Canofile 250 contract expressly stated that the Professional dealership was to be "nonexclusive;" the parol evidence rule barred extrinsic evidence to the contrary; and, therefore, the designation of Systronics as a second Canofile 250 distributor could have effected no wrongful "impairment" under the Dealer Act. Plaintiffs objected to the report and recommendation, see P.R. Local R. 510.2, on the ground that the parol evidence ___ rule does not apply to alleged Dealer Act violations and that Canon made oral assurances that its Canofile 250 dealership agreement with Professional would remain exclusive. Plaintiffs further complained that the magistrate judge failed to consider their gender-discrimination and mental-anguish claims. The district court endorsed the report and recommenda- tion relating to the Dealer Act claim, citing our intervening decision in Borschow Hosp. & Med. Supplies, Inc. v. Cesar _________________________________________ _____ Castillo, Inc., 96 F.3d 10, 16 (1st Cir. 1996) (holding _______________ nonexclusivity provision in dealership agreement dispositive of Dealer Act claim), and dismissed the gender-discrimination and mental-anguish claims on three grounds. First, since Canon had not impaired its dealership relationship with Professional, its designation of Systronics could not have been an adverse or discriminatory act. Second, the Puerto Rico Supreme Court has yet to recognize a private cause of action for gender discrimina- 4 tion under P.R. Constitution art. II, 1. Finally, the broad assertions that Canon engaged in a pattern of discriminatory conduct, see supra note 1, were not causally linked to its ___ _____ decision to designate Systronics as a second Canofile 250 dis- tributor in Puerto Rico. In their motion for reconsideration, see Fed. R. Civ. ___ P. 59(e), plaintiffs contended, inter alia, that even if our _____ ____ Borschow decision did foreclose a Dealer Act claim, the "pattern" ________ of discriminatory actions engaged in by Canon before and after its designation of Systronics as a second distributor (e.g., use ____ of derogatory sexual epithets) constituted discrete "impairments" sufficient to serve as independent bases for their Dealer Act claim. The district court denied the motion for reconsideration on the ground that the issue had not been preserved either in plaintiffs opposition to the dispositive motions filed by Canon or in their objections to the report and recommendation submitted by the magistrate judge. Plaintiffs now appeal from the district court order dismissing their complaint and from its denial of their motion for reconsideration. II II DISCUSSION DISCUSSION __________ A. The Dealer Act Claim A. The Dealer Act Claim ____________________ Although plaintiffs acknowledge their failure to raise in timely fashion as an independent basis for their Dealer Act claim the contention that Canon engaged in a pattern of discriminatory conduct both before and after the Systronics 5 designation, they argue that their waiver should be excused be- cause the magistrate judge expressly recognized such a pattern of conduct in the report and recommendation, and the district court therefore had an independent duty to scrutinize the record de __ novo before adopting the report and recommendation, even absent ____ specific objection under Local Rule 510.2. We disagree. The district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge.3 Borden v. ______ Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) __________________________________ ( Appellant was entitled to a de novo review by the district __ ____ court of the [magistrate s] recommendations to which he objected, however he was not entitled to a de novo review of an argument __ ____ never raised. ) (citation omitted). Given proper notice, see ___ Magistrate's Report, at 10 ("Failure to comply with [P.R. Local R. 510.2] precludes further appellate review."), a party s failure to assert a specific objection to a report and recom- mendation irretrievably waives any right to review by the dis- trict court and the court of appeals. See Henley Drilling Co. v. ___ ___________________ McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); 28 U.S.C.  _____ 636(b)(1). Finally, a Rule 59(e) motion is " aimed at reconsid-  ____________________ 3There is no record indication that the magistrate judge was ever alerted to the legal theory belatedly asserted by plaintiffs in their motion for reconsideration before the district court. Instead, the magistrate judge mentioned a pattern of conduct by Canon merely as background in describing plaintiffs  constitutional and mental-anguish claims. In the ensuing legal analysis, however, the magistrate judge neither stated nor implied an awareness that plaintiffs were claiming that such conduct had any bearing on their Dealer Act claim. 6 eration, not initial consideration, " and may not be used to argue a new legal theory." FDIC v. World Univ., Inc., 978 F.2d ____ _________________ 10, 16 (1st Cir. 1992) (citation omitted).4 Accordingly, we affirm the summary judgment ruling dismissing the Dealer Act claim. B. The Gender-Discrimination and Mental-Anguish Claims B. The Gender-Discrimination and Mental-Anguish Claims ___________________________________________________ Plaintiffs challenge the summary judgment ruling which dismissed their gender-discrimination and mental-anguish claims as merely incidental to their Dealer Act claim. Plaintiffs insist that they consistently maintained throughout the pro- ceedings below that all of Canon s adverse actions not merely its Systronics designation evidenced gender discrimination and contributed to their mental anguish. See supra note 1. As ___ _____ plaintiffs view it, even though Canon retained the contractual right to designate Systronics as a second distributor, it could not exercise that or any other right purely for gender-based rea- sons without violating P.R. Constitution art. II, 1, and tortiously inflicting mental anguish upon plaintiffs. The magistrate judge and the district judge converted the Rule 12(b)(6) motion to a motion for summary judgment without objection by plaintiffs. See Fayetteville Investors v. Commer- ___ ______________________ _______ cial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (conver- ___________________ sion challenges waivable); Jones v. Automobile Ins. Co. Of _____ _________________________ Hartford, 917 F.2d 1528, 1533 n.4 (11th Cir. 1990) (same); ________  ____________________ 4 We note, as well, no plain error. See Douglass v. United ___ ________ ______ Servs. Auto. Ass'n, 79 F.3d 1415, 1423-24 (5th Cir. 1996) (en ___________________ banc).  7 Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 390 n.9 (5th Cir. ______________________ ______ 1985) (same).5 Nor do plaintiffs challenge the conversion on ap- peal, see Brief for Appellants at 25, 30 (referring to summary ___ judgment ); Nieves v. University of P.R., 7 F.3d 270, 279 (1st ______ ___________________ Cir. 1993) (conversion waivable on appeal); Wright v. Holbrook, ______ ________ 794 F.2d 1152, 1156 (6th Cir. 1986) (same). The summary judgment rulings on the gender-discrimina- tion and mental-anguish claims are therefore reviewed de novo, __ ____ with all reasonable inferences to be drawn favorably to plain- tiffs, the nonmoving parties. EEOC v. Green, 76 F.3d 19, 23 (1st ____ _____  ____________________ 5The original Canon motion sought to dismiss the complaint only for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). ___ Canon attached pertinent dealership agreements, see Shaw v. ___ ____ Digital Equip. Corp., 82 F.3d 1194, 1219-20 (1st Cir. 1996) _____________________ (noting that written documents integral to complaint like contracts are not considered matters outside the pleadings  requiring Rule 12(b) conversion), and an affidavit relating exclusively to its alternative motion for change of venue. Although the parties are entitled to reasonable notice of an impending conversion, as well as an opportunity to present all material made pertinent to that motion by Rule 56, Fed. R. Civ. P. 12(b); Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29-30 _________ ______________________ (1st Cir. 1996), the record clearly discloses that these plaintiffs invited the conversion. See Chaparro-Febus v. _______ ___ ______________ International Longshoremen Ass n, 983 F.2d 325, 332 (1st Cir. _________________________________ 1992) (notice of impending conversion need not be express). In their two succeeding opposition motions, for example, plaintiffs attached Santiago s sworn statement, which reiterated their _____ _________ assertions that Canon had engaged in a pattern of discriminatory conduct violative of P.R. Constitution art. II, 1 and P.R. Civil Code Article 1802. See Fed. R. Civ. P. 56(e); David v. ___ _____ City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996) __________________________ (nonmovants submission of materials outside the pleadings waives their objection to conversion), cert. denied, 118 S. Ct. 157 _____ ______ (1997); Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 _____ ________________________ (9th Cir. 1985) (same). Counting their surreply, plaintiffs had more than two months to assemble their Rule 56 proffer. See ___ Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. _________ ______________________ 1997) (finding two months adequate to prepare materials in anticipation of possible conversion, or move for Rule 56(f) extension). See infra note 10. ___ _____ 8 Cir. 1996). Summary judgment was in order unless plaintiffs ad- duced evidence sufficient to establish each element essential to their claim as to which they would have borne the burden at trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 ___ _____________ _______ U.S. 317, 324 (1986); Nieves, 7 F.3d at 279.  ______ Although Canon acknowledges that the district court relied in error upon an inadequate ground in dismissing the constitutional claim, see supra Section I, we may affirm on any ___ _____ ground supported by the record, Levy v. FDIC, 7 F.3d 1054, 1056 ____ ____ (1st Cir. 1993). Even assuming their constitutional claim for gender discrimination were cognizable under Puerto Rico law,6 plaintiffs Rule 56 proffer generated no trialworthy issue as to whether a gender-based animus motivated Canon s so-called pat- tern of conduct. Summary judgment may be warranted even as to such elusive elements as a defendant s motive or intent where the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation. " DeNovellis __________ v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citations omit- _______ ted); see Pilgrim v. Trustees of Tufts College, 118 F.3d 864, ___ _______ __________________________ 870-71 (1st Cir. 1997); Smith v. Stratus Computer, Inc., 40 F.3d _____ ______________________ 11, 13 (1st Cir. 1994); Velazquez v. Chardon, 736 F.2d 831, 833- _________ _______  ____________________ 6Cf., e.g., Arroyo v. Rattan Specialties, Inc., 117 P.R. Dec. ___ ____ ______ ________________________ 35, 64-65 (1986) (noting that enunciated constitutional rights operate ex proprio vigore, permitting individuals to sue for __ _______ ______ violations). But see Carlton v. Worcester Ins. Co., 923 F.2d 1, 3 ___ ___ _______ __________________ (1st Cir. 1991) (party who invokes federal diversity jurisdiction cannot expect federal court to blaze new trails in state law). 9 34 (1st Cir. 1984). A plaintiff [claiming discrimination] may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus. Coyne v. City of Somerville, 972 F.2d _____ __________________ 440, 444 (1st Cir. 1992) (quoting Correa-Martinez v. Arrillaga- _______________ __________ Belendez, 903 F.2d 49, 53 (1st Cir. 1990)). ________ The only smoking gun allegation in the complaint is that unidentified Canon representatives uttered unspecified derogatory epithets denigrating [Santiago s] dignity as a woman and as a human being. That bare allegation, parroted without elaboration in a Rule 56 proffer, see supra note 5, disclosed ___ _____ neither the substance and context of the epithets,7 nor the identity and capacity of the person(s) employing them.8 See ___  ____________________ 7See Speen v. Crown Clothing Corp., 102 F.3d 625, 636 (1st ___ _____ ____________________ Cir. 1996) ( [I]solated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent. ) (citation omitted), cert. _____ denied, 117 S. Ct. 2457 (1997); Lehman v. Prudential Ins. Co. of ______ ______ ______________________ Am., 74 F.3d 323, 329 (1st Cir. 1996) (same); Alexis v. ___ ______ McDonald s Restaurants of Mass., Inc., 67 F.3d 341, 348 (1st Cir. _____________________________________ 1995) (suggesting that remarks should be [v]iewed in context to determine if animated by discriminatory intent); see also Woodman ___ ____ _______ v. Haemonetics Corp., 51 F.3d 1087, 1094 (1st Cir. 1995) (noting _________________ that proponent must show that hearsay statements concern matters within the scope of [declarant s] agency or employment ) (citing Fed. R. Evid. 801(d)(2)(D)). 8The identity of the speaker often is crucial to ascertaining not only intent but any causal connection between the remark and the alleged adverse action directed against the plaintiff. See, ___ e.g., Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609, 616 (1st Cir. ____ ___________ _______________ 1996) (noting that it is appropriate to discount "stray remarks in the workplace . . . , statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself") (citation omitted); Betkerur v. Aultman Hosp. Ass n, 78 ________ ___________________ F.3d 1079, 1095 (6th Cir. 1996) ( [T]he lower court properly discounted the discriminatory remarks . . . by non-decisionmakers. ). 10 Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis, 42 _____ ___________________________________________________ F.3d 1054, 1059 (7th Cir. 1994) ("'The object of [Fed. R. Civ. P. 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. ") (cita- tion omitted). At summary judgment, the district court cannot accept on faith conclusory assessments by claimants that unspecified and unattributed epithets were derogatory and denigrating, let alone demonstrated discriminatory intent. See Pilgrim, 118 F.3d ___ _______ at 871 (noting that plaintiff s [subjective] perception is not evidence of discriminatory intent, hence not enough to with- stand summary judgment ); Correa-Martinez, 903 F.2d at 53 (noting _______________ that, even at the Rule 12(b)(6) stage, plaintiff may not rest on 'subjective characterizations ) (citation omitted); see also ___ ____ Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th ________ __________________________ Cir. 1996) (en banc) ( It is . . . well settled that an employee's subjective belief that he suffered an adverse employ- ment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason. ).9 The counterproffer from Canon makes the uncontroverted representation that Professional remains its sole authorized _______ ___ ____ __________ micrographic products distributor in Puerto Rico. Thus, before  ____________________ 9Nor did the plaintiffs proffer competent Rule 56 evidence supporting their allegation, based on information and belief, ___________ ___ ______ that Santiago was the only woman heading a Canon dealership in the United States.  11 the alleged pattern of conduct by Canon could be attributed to gender discrimination, one rationally would need to question not only why Canon retained Professional as its sole Puerto Rico dealer in micrographic products, and one of two Puerto Rico dealers in Canon optical disk filing products, but also why it entered into the October 1990 Canofile 250 dealership agreement with Santiago in the first place. In our judgment, based on __ ___ _____ _____ these conflicting proffers the trier of fact could not find that the facially nondiscriminatory conduct engaged in by Canon ________ _________________ actually was motivated by gender discrimination except by resort- ______ __ _______ ing to rank speculation.10 ___ __ ____ ___________ Finally, the Rule 56 proffer on the mental-anguish tort claim under P.R. Civil Code Article 1802 fares no better. Plaintiffs were required to establish that in some appreciable measure the[ir] health, welfare and happiness . . . were really affected, Ruiz-Rodriguez v. Colberg-Comas, 882 F.2d 15, 17 (1st ______________ _____________  ____________________ 10Plaintiffs further contend that the district court erred in denying them an opportunity to undertake discovery before granting summary judgment. We review only for manifest abuse of discretion. See Mills v. State of Maine, 118 F.3d 37, 50 (1st ___ _____ _______________ Cir. 1997). We find none. First, plaintiffs neither filed the motion for continuance nor the supporting affidavit required under Rule 56(f). See Springfield Terminal Ry. Co. v. Canadian ___ _____________________________ ________ Pac. Ltd., __ F.3d __, __ (1st Cir. 1997) [No. 97-1783, 1997 WL __________ 775553, at *7 (1st Cir. Dec. 22, 1997)] ( Rule 56(f) of the Federal Rules of Civil Procedure specifically calls upon a litigant who feels prejudiced by too precipitate a demand for summary judgment to file a timely affidavit with the court asserting the need for further discovery. As we have held, failure to resort to such first aid will ordinarily bar belated aid. ). Second, notwithstanding plaintiffs plain waiver, the crucial deficiencies in their Rule 56 proffer simply are not attributable to a need for further discovery, especially since plaintiffs presumably knew which Canon representatives uttered sex-based epithets, as well as their substance and context. 12 Cir. 1989) (quoting Moa v. Commonwealth, 100 P.R.R. 572, 585-86 ___ ____________ (1972)), and they experienced deep moral suffering and anguish, and [not merely] a passing affliction, de Jesus v. Eastern Air ________ ___________ Lines, Inc., 708 F. Supp. 470, 472 (D.P.R. 1989) (citing ____________ Hernandez v. Fournier, 80 D.P.R. 94, 104 (1957)). These showings _________ ________ turn upon an evaluation of: (1) the severity of the pain suf- fered; (2) its duration; and (3) its mental consequences.  Lopez-Nieves v. Marrero-Vergel, 939 F. Supp. 124, 126 (D.P.R. ____________ ______________ 1996).11 Plaintiffs offered only their conclusory assertion that Santiago and her husband have been exposed to mental suffering, anxiety, anguish and humiliation, with no independent corrobora- tion, cf. Cruz v. Molina, 788 F. Supp. 122, 129 (D.P.R. 1992) ___ ____ ______ (court sitting as trier of fact rejected plaintiff s uncorrobo- rated testimony of mental anguish, where he was not a physician, nor had he consulted a physician); supra note 11. Moreover, _____ since any emotional injury to plaintiffs presumably resulted primarily from the alleged use of sex-based epithets by Canon representatives, and plaintiffs offered no competent evidence as to the substance of the epithets, a rational factfinder would have no evidentiary basis for determining whether the alleged remarks were likely to have caused Santiago or her husband the type of deep moral suffering and anguish required under Article  ____________________ 11Since plaintiffs cited no cases defining the mental-anguish standard, and filed no reply brief challenging Canon s citation to these district court decisions, we simply assume, without deciding, that the cited decisions describe the applicable commonwealth standard.  13 1802. See DeNovellis, 124 F.3d at 306 (nonmovant cannot rest[] ___ __________ merely upon conclusory allegations, improbable inferences, and unsupported speculation. ") (citation omitted). Affirmed. Affirmed. ________ 14